TIMOTHY M. BURGESS
United States Attorney

BRIAN D. TETER, Captain, USAF
Special Assistant United States Attorney
Office of the Staff Judge Advocate
354th Fighter Wing
Eielson AFB Alaska  99702-1881
(907) 377-4114
Fax:(907)377-1606
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>JAMES F. FLEMING<br><br>　　　Defendant. | Case No. F05-0035CR<br><br>PLEA AGREEMENT<br>UNDER RULE 11(c)(1)(C) |

In compliance with Rule 11(c)(1)(C), Federal Rules of Criminal Procedure (FRCrP), and Rule 11.2(d), Alaska Local Criminal Rules (LCrR), this memorandum confirms the complete plea agreement between the United States, plaintiff, and JAMES F. FLEMING, defendant. No other agreement, understanding, or promise exists between these parties. This plea agreement is entered into pursuant to Rule 11(c)(1)(C)), Federal Rules of Criminal Procedure.

### I. TERMS

The parties agree that the defendant will plead guilty to the offense of Simple Possession of a Controlled Substance, in violation of Title 21 U.S.C. § 844. In exchange for the defendant's guilty plea to the offense of Simple Possession of a Controlled Substance and pursuant to FRCrP, Rule 11(c)(1)(C), the plaintiff will limit itself to a recommendation that the United States District Court limit itself to the following sentence:

Page 1

1) <u>That the defendant be placed on probation for a period of six (6) month without a judgment of conviction entered pursuant to 18 U.S.C. § 3607;</u>

2) <u>That a fine of $175 be held in abeyance pending the completion of the term of probation and then dismissed if the term of probation is successfully completed;</u>

3) <u>That the defendant pay a special processing fee of $25.</u>

The United States and the defendant, JAMES F. FLEMING, both agree expressly to advocate sentencing as agreed to herein.

The parties understand the United States District Court ("court") and the United States Probation Office ("probation office") are not bound by this agreement. The court may accept or reject it. Should the court indicate any disposition which is more favorable to the defendant than what is agreed to herein, or which substantially alters this agreement, plaintiff has the right to terminate this agreement and all obligations under it. Should the court reject the agreement, or indicate any disposition less favorable to the defendant than what is agreed to herein, the defendant shall be permitted to withdraw his plea of guilty prior to sentencing. If defendant withdraws his plea at any time for any reason other than stated above herein, plaintiff's obligations under this agreement are terminated and plaintiff will be free to prosecute defendant on all charges for which there is probable cause, including the present charge.

## II. PARTIES' OBLIGATIONS

In accordance with LCrR Rule 11.2(d)(1), the following outlines the disposition of charges and the parties' obligations:

### A. Defendant's Obligations

<u>The defendant agrees to plead guilty to Simple Possession of a Controlled Substance, in violation of Title 21 U.S.C. § 844.</u> The defendant has read and fully understands the nature and elements of the crime of Simple Possession of a Controlled Substance, and the terms and conditions of this plea agreement, and will advocate the disposition agreed to herein. The defendant withdraws all previous pleas to enter a plea of guilty. The defendant further agrees to expressly advocate sentencing

as provided herein. Defendant understands that he has no option to suggest any other disposition to the court. Defendant agrees:

1) That the defendant be placed on probation for a period of six (6) month with out a judgment of conviction entered pursuant to 18 U.S.C. § 3607;

2) That a fine of $175 be held in abeyance pending the completion of the term of probation and then dismissed if the term of probation is successfully completed;

3) That the defendant pay a special processing fee of $25.

The defendant understands this agreement binds only the undersigned parties and no other federal, state, or local authority. The defendant acknowledges no promises have been made regarding any civil or administrative or immigration consequences resulting from this plea of guilty. The defendant understands and agrees that if the court rejects this agreement or indicates any disposition less favorable to the defendant than what is agreed to herein, only then will the defendant be permitted to withdraw his plea before sentencing. Any withdrawal of defendant's plea will terminate plaintiff's obligations under this agreement and will permit plaintiff to prosecute defendant on all charges for which there is probable cause, including and in addition to the present charge and any charges that may have been dismissed or that plaintiff had agreed to dismiss.

### B. United States' Obligations

In exchange for the defendant's guilty plea to the offense of Simple Possession of a Controlled Substance and pursuant to FRCrP, Rule 11(c)(1)(A), the plaintiff will limit itself to a recommendation that the United States District Court limit itself to the following sentence:

1) That the defendant be placed on probation for a period of six (6) month without a judgment of conviction entered pursuant to 18 U.S.C. § 3607;

2) That a fine of $175 be held in abeyance pending the completion of the term of probation and then dismissed if the term of probation is successfully completed;

3) That the defendant pay a special processing fee of $25.

### C. Compliance With Sentencing Guidelines

Pursuant to LCrR Rule 11.2(d)(7)(A), the United States asserts that the recommended sentence sufficiently reflects the nature of the offensive behavior committed by the defendant. A fine and period of probation are an appropriate punishment for the defendant's misconduct.

### III. ELEMENTS

The United States would have to prove the following elements beyond a reasonable doubt as to the charge herein: That the defendant knowingly possessed a certain amount of a substance, that the substance was marijuana, and that the defendant possessed such substance in the special or maritime jurisdiction of the United States.

### IV. FACTS

Defendant acknowledges the truth of and agrees to the following facts: That on or about 4 September 2005, at or near Eielson Air Force Base, a military reservation acquired for the use of the United States, and under the jurisdiction thereof, the defendant, JAMES F. FLEMING, was stopped at the gate of Eielson Air Force Base as a result of being picked for a random inspection of his vehicle. While inspecting the defendant's vehicle, security personnel discovered small amounts of a green leafy substance in various places in his vehicle. The substance was later determined to be marijuana.

### V. PENALTIES

A. Pursuant to Title 21 U.S.C. § 844, the maximum penalty that may be imposed for Simple Possession of a Controlled Substance is a fine of $100,000.00, imprisonment for not more than one year, and a special assessment fee of $25.00.

### VI. SENTENCING GUIDELINES

Section 2D2.1 of the Sentencing Guidelines apply. Under §2D2.1, the parties anticipate that the defendant base offense level is 4. The parties further agree that the defendant would be eligible for a 2 level reduction for Acceptance of Responsibility under U.S.S.G. §3E1.1, making his total adjusted offense level 2. The parties anticipate that the defendant is criminal history category I, resulting in a guideline range of 0-6 months. The agreed upon disposition is consistent with this guideline range.

The defendant agrees to pay this special assessment on or before the day of sentencing by cash, cashier's check, or U.S. Postal Money Order to the United States Attorney, for subsequent delivery to the Clerk of Court.

## VII. WAIVER OF RIGHTS AND CONSEQUENCES OF PLEA

I, JAMES F. FLEMING, being of sound mind and under no compulsion threats or promises, except as previously stated, acknowledge that I have read this plea agreement, that I understand its terms and conditions, and that the matters set forth herein, including the facts that support my guilty plea, are true and correct.

A. I wish to enter a plea of guilty to Simple Possession of a Controlled Substance, a violation of Title 21 U.S.C. § 844, because I am guilty. I understand the nature and elements of the crimes to which I am pleading guilty. I understand that by pleading guilty, I am admitting that the allegations against me, and the charge to which I am pleading guilty, are true.

B. I acknowledge I have been advised and understand that by entering a plea of guilty I am waiving, that is giving up, certain rights guaranteed me. Specifically, by pleading guilty I knowingly and voluntarily give up the following rights:

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to a speedy and public trial by a jury both as to guilt or innocence and as to the forfeiture of any money or property;

- The right to object to the composition of the petit jury;

- The right to be presumed innocent and not to suffer any criminal penalty or criminal forfeiture unless and until my guilt is established beyond a reasonable doubt;

- The right to confront and cross-examine witnesses against me, and the right to subpoena witnesses to appear on my behalf;

- The right to remain silent at trial, with such silence not to be used against me, and the right to testify on my own behalf;

C. I understand the court may ask me questions about each offense to which I plead guilty. If I answer falsely under oath, on the record, and in the presence of counsel, my answers may later be used against me in a prosecution for perjury or making a false statement.

I understand it is my attorney's duty to examine the facts of my case and advise me as to what plea I should enter. I also understand it is my attorney's duty to abide by my wishes. If my attorney refused to do so, I would inform the judge immediately. I understand anything I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this agreement may be filed among the papers in my case. I am completely satisfied with the representation and advice I have received from my attorney in this case.

This memorandum, consisting of 6 (six) pages, contains everything my attorney has explained to me concerning my case, and the plea I wish to enter, and contains all of the plea agreements made between me, my attorney and the attorneys for the government.

DATE: 2/3/06                    _____
                                JAMES F. FLEMING
                                Defendant

DATE: 2/3/06                    _____
                                M.J. HADEN
                                Attorney for Defendant

                                Deborah M. Smith,
                                Acting United States Attorney

DATE: 3 FEB 06                  _____
                                BRIAN D. TETER, Capt, USAF
                                Special Assistant U.S. Attorney

Page 6